IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 19, 2012 Session

**GARY PAUL**

**v.**

**DENNIS WATSON and DARLENE WATSON d/b/a DOUBLE D LAWN CARE AND LANDSCAPING**

Direct Appeal from the Chancery Court for Benton County
No. 1845    Ron E. Harmon, Chancellor

No. W2011-00687-COA-R3-CV - Filed February 2, 2012

This case involves an alleged oral contract for landscaping work. The homeowner paid a considerable amount of money to the landscaper during the project, but when the landscaper failed to complete the project, the homeowner demanded a refund. When the landscaper refused to refund any money, the homeowner sued, alleging breach of contract, a violation of the Tennessee Consumer Protection Act, conversion, and negligent and intentional misrepresentation. The trial court ruled that the homeowner was entitled to a refund only of his last payment to the landscaper before the landscaper left the job, as well as attorney fees. The homeowner appealed. Following an order from this court directing the homeowner to obtain a final judgment, the trial court entered an amended judgment denying the homeowner's claim pursuant to the Tennessee Consumer Protection Act. Because we conclude that the trial court failed to rule on the homeowner's claims for conversion and misrepresentation, we dismiss this appeal for lack of a final judgment.

**Tenn. R. App. P. 3. Appeal as of Right; Appeal is Dismissed.**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Michael R. Hill and Pamela G. Vawter, Milan, Tennessee, for the appellant, Gary Paul.

John W. Whitworth, Camden, Tennessee, for the appellees, Dennis Watson and Darlene Watson, d/b/a Double D Lawn Care and Landscaping.

**OPINION**

## I. Background

Plaintiff/Appellant Gary Paul hired Defendant/Appellee Dennis Watson of Double D Lawn Care and Landscaping to landscape the front and back of his home. The parties never entered into a written contract. Instead, in September of 2006, Mr. Watson quoted Mr. Paul a price of $10,000 for the work in the front yard and between $30,000.00 and $50,000.00 for the work in the back yard, which included the construction of three retaining walls. During the negotiations, Mr. Watson gave Mr. Paul a business card, which stated that Mr. Watson was a licensed contractor. According to later testimony from Mr. Watson, at the time he gave the card to Mr. Paul and at all times throughout the project, Mr. Watson was not licensed.[1] Mr. Paul agreed to the quoted price and shortly thereafter gave Mr. Watson a check for $10,000.00 to begin work. Over the course of the project, Mr. Watson increased the price of the back yard work to between $50,000.00 and $80,000.00. According to Mr. Paul, he and Mr. Watson also agreed to increase the price on the front yard work to $20,000.00. Mr. Paul continued to pay Mr. Watson whenever a request was made for more funds. On December 14, 2007, unsatisfied with the progress on the job, Mr. Paul met with Mr. Watson. At this meeting, Mr. Paul contends that Mr. Watson agreed to do all of the backyard work for $74,000.00 based on a calculation of a set price per square foot for each retaining wall built. According to Mr. Paul, as of the December 14, 2007 meeting, the entire price of the contract was $94,000.00, including $74,000.00 for the retaining walls and $20,000.00 for all front yard work. Mr. Watson disputes that he agreed to these terms. Prior to this meeting, Mr. Paul had already paid Mr. Watson $80,000.00. At the December 14, 2009 meeting, Mr. Paul gave Mr. Watson a check for another $10,000.00, bringing the total paid on this project to $90,000.00.

After this meeting, Mr. Watson never returned to work on the project. Mr. Paul terminated Mr. Watson and requested a refund. When Mr. Watson refused, Mr. Paul hired another contractor to finish the project and brought this action against Mr. Watson, his wife Darlene Watson, and Double D Lawn Care and Landscaping.

Mr. Paul filed a complaint on June 25, 2008 against Mr. Watson, Darlene Watson, and Double D Lawn Care, alleging claims for breach of contract, conversion, negligent misrepresentation, intentional misrepresentation, and a violation of the Tennessee Consumer

---

[1] While Mr. Watson testified that he was not licensed during the project, the testimony is somewhat unclear as to whether Mr. Watson was testifying that he was not a licensed contractor or that he had no business license to operate Double D Lawn Care and Landscaping. Regardless, there is no evidence in the record to show that Mr. Watson was in fact licensed at the beginning of or at any time during this project.

Protection Act. A trial was held on January 11, 2011. At the conclusion of trial, the trial court made the following findings:

> First with regard to Darlene Watson, the Court finds Mrs. Watson was not a party to the contract, that her own involvement, substantial involvement, in this case is that she is the wife of the Defendant. And for that reason, and as the proof presented, she will be dismissed on motion of the Defendant.
>
> These parties have pretty much summed up their petition [sic] when they testified. I think both said that they had a contract that was in a fluid state. I'm going to remember that because I think that's an excellent description of this contract, if such existed. It flowed so freely that the Court had trouble keeping up with it.
>
> The Court finds the per square foot numbers which are used, and which the Court would like to rely on, are not feasible numbers. They're not numbers that could represent the cost of the retaining wall. They could very easily represent the labor cost of laying the blocks in the retaining wall or they could represent both the blocks and the labor of putting them in, but they could not represent the purchase of the blocks, the labor of laying the blocks and the fill and matting and other things that are necessary in the construction of the walls. So the Court does not find that those numbers are reliable and can be relied on to come to an equitable solution as to the amounts of money that would be owed to either party. Having said that, we are pretty much a wash as far as what any of these numbers do mean.
>
> The one thing the Court noticed when we first began this case and I think one thing that has held true throughout is Mr. Watson received $10,000 right before he quit. Mr. Paul is entitled to a refund of that $10,000 together with interest. That was paid in December. The interest will be from the date of the filing of the complaint. The judgment will enter for the amount of $10,000 plus interest plus attorney fees.

When asked about the claim that Mr. Watson violated the Tennessee Consumer Protection Act, the court stated:

> I've not been asked to address the specific finding. In general, I'm not aware of anything that jumps out. I understand this man is not a contractor. . . . Which this contract is in excess of what would be required, but that would only limit him to an equitable recovery of the cost. . . . Is there some specific finding that you request on that?

Mr. Paul's counsel then asked the court "Is it because you don't think he is a

contractor . . . ?" The court then replied that "I'm just saying in addition to the reasons that I would not find that, he is not a contractor under the proof I've heard today."

The court filed its final judgment on February 17, 2011, incorporating by reference the oral rulings made at the close of the January 10, 2011 trial. The body of the judgment provided:

> Based on the foregoing [oral] findings of fact and conclusions of law,
> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that upon the Motion to Dismiss by Defendant Darlene Watson, she is dismissed from this action.
> IT IS HEREBY ORDERED, ADJUDGED AND DECREED judgment be entered in favor of the Plaintiff against Defendant Dennis Watson d/b/a Double D. Landscaping in the amount of $10,00.00; plus interest from the date of the filing of the Complaint, which is June 25, 2008, and is $2,545.00 as of January 10, 2011, plus attorneys fees in the amount of $5,332.00.
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the court costs are assessed against the Defendant, Dennis Watson d/b/a Double D Landscaping Plaintiff, for which execution may issue, if necessary.

Mr. Paul filed his notice of appeal to this Court on March 15, 2011. Finding that the judgment of the court was not a final order specifically because it was silent as to Mr. Paul's Tennessee Consumer Protection Act claim, this Court ordered Mr. Paul to obtain entry of a final order in the trial court. The trial court filed an amended judgment on July 8, 2011, specifically finding that Mr. Watson did not commit a violation of the Tennessee Consumer Protection Act. However, the trial courts' oral ruling, the judgment, and the amended judgment are silent as to Mr. Paul's conversion and misrepresentation claims.

## II. Issues Presented

Mr. Paul raises the following issues for our review:

> I. Whether the trial court erred by applying an incorrect measure of damages for breach of contract between Mr. Paul and Mr. Watson?

> II. Whether the trial court erred when it found there was no violation of the Tennessee Consumer Protections Act by Mr. Watson and/or failing to apply $10,000.000 forwarded to him by Mr. Paul on December 14, 2007, toward the construction project were unfair and deceptive acts pursuant to the Tennessee Consumer Protection Act?

-4-

III. Whether the trial court erred in failing to make any findings of fact with regard to Mr. Paul's claim for conversions and intentional and negligent misrepresentation?

IV. Whether the trial court erred by dismissing Darlene Watson and failing to find her jointly and severally liable for damages awarded against Double D Lawn Care and Landscaping as an implied partner and/or joint adventurer with Dennis Watson?

In the posture of Appellee, Mr. Watson raises the following issue:

I. Whether the trial court erred in awarding attorneys fees to Plaintiff, Gary Paul?

### III. Analysis

Before we can address the merits of Mr. Paul's appeal, we must first determine whether this matter is properly before us for appellate review. Rule 13 of the Tennessee Rules of Appellate Procedure provides that our "review generally extends only to those issues presented for review. [We] shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review." *See* Tenn. R. App. P. 13(b). We "cannot exercise jurisdictional powers that have not been conferred directly to [us] expressly or by necessary implication." ***Tennessee Envtl. Council v. Water Quality Control Bd.***, 250 S.W.3d 44, 55 (Tenn. Ct. App. 2007) (citations omitted). Based on Mr. Paul's assertion that the trial court failed to make findings regarding the conversion and misrepresentation claims at oral argument, this Court, *sua sponte*, questioned counsel regarding the finality of the judgment in the trial court and this Court's jurisdiction to hear this matter.

Rule 3(a) of the Tennessee Rules of Appellate Procedure limits the subject matter jurisdiction of appellate courts to final judgments:

In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 or in Rule 54.02 of the Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

*Id.* Rule 54.02 of the Rules of Civil Procedure further provides that:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

*Id.* Accordingly, without a final judgment, this Court does not have subject matter jurisdiction. Tenn. R. App. P. 3(a). Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived. ***Meighan v. U.S. Sprint Comm c'ns Co.***, 924 S.W.2d 632, 639 (Tenn. 1996). The court may consider subject matter jurisdiction *sua sponte*. Tenn. R. App. P. 13(b); ***Ruff v. State***, 978 S.W.2d 95, 98 (Tenn. 1998). The Tennessee Supreme Court has held that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." ***Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990).

Counsel for Mr. Paul asserted at oral argument that the trial court's order was final. However, when asked if Mr. Paul had abandoned his claims of conversion and misrepresentation, counsel for Mr. Paul replied that Mr. Paul had not. In fact, one issue raised by Mr. Paul concerns the trial court's failure to make findings as to those claims. Rule 3(a) of the Tennessee Rules of Appellate Procedure makes clear that "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable." Mr. Paul's claims for conversion, negligent misrepresentation and intentional misrepresentation were not adjudicated by the trial court. Even if we were to consider the claims of conversion and misrepresentation as merely separate legal theories based on the same operative facts, a judgment which does not adjudicate all the legal theories upon which a plaintiff bases his or her case is not a final judgment. *See **In re Estate of Storey***, No. W2010-00819-COA-R3-CV, 2011 WL 2174901, at *10 (Tenn. Ct. App. May 31, 2011); *see also **Christus Gardens, Inc. v. Baker, Donelson, Bearman***, No. M2007-01104-COA-R3-CV, 2008 WL 3833613, at *4–5 (Tenn. Ct. App. Aug.15, 2008) (noting that trial courts may not certify as final a decision that adjudicates only some of the legal theories upon which a plaintiff bases his or her case). In addition, neither the final judgment

nor the amended final judgment in this case contain Rule 54.02 language certifying the judgment as final.

Mr. Watson argues that despite the deficiencies in the trial court's judgment, the judgment is final because it meets the requirement expressed by ***Hodge v. Provident Life And Acc. Ins. Co.***, 664 S.W.2d 297 (Tenn. Ct. App. 1983), that the "findings as a whole cover all relevant facts necessary to a determination of the case." ***Id.*** at 300; *see also* ***Adkins v. Bluegrass Estates, Inc.***, No. E2011-00044-COA-R3-CV, 2011 WL 3844200, at *4 (Tenn. Ct. App. Aug. 30, 2011). We cannot agree. While this case involves claims of conversion, misrepresentation, and the Tennessee Consumer Protection Act, the crux of the case involves an alleged oral contract and the alleged breach of that contract. However, in the trial court's oral findings, the court fails to make a finding even that a contract was made between these parties, questioning "if such existed." In addition, the trial court failed to make findings regarding what the terms of the contract are, what action constituted a breach of the contract, or what damages where appropriate based on the terms of the contract. Instead the court simply concludes that Mr. Paul is entitled to a "refund" of $10,000.00, without specifying that this amount constitutes damages for breach of contract, misrepresentation, or conversion.

In bench trials, trial courts must make findings of fact and conclusions of law to support their rulings. Rule 52.01 of the Tennessee Rules of Civil Procedure provides, in pertinent part:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

*Id.* In this case, the trial court asked the parties "Is there some specific finding that you request . . . ?" Prior to July 1, 2009, trial courts were only required to make specific findings of fact and conclusions of law "upon request made by any party prior to the entry of judgment." *See* ***Poole v. Union Planters Bank N.A.***, No. W2009-01507-COA-R3-CV, 337 S.W.3d 771, 791 (Tenn. Ct. App. 2010) (noting the amendment). However, the current version of Rule 52.01 requires the court to make these findings regardless of a request by either party. ***Id.***

This Court has previously held that the General Assembly's decision to require findings of fact and conclusions of law is "not a mere technicality." ***In re K.H.***, No.

W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009). Instead, the requirement serves the important purpose of "facilitat[ing] appellate review and promot[ing] the just and speedy resolution of appeals." *Id.*; *White v. Moody*, 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004); *Bruce v. Bruce*, 801 S.W.2d 102, 104 (Tenn. Ct. App. 1990). "Without such findings and conclusions, this court is left to wonder on what basis the court reached its ultimate decision." *In re K.H.*, 2009 WL 1362314, at *8 (quoting *In re M.E.W.*, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. April 21, 2004)). While the trial court's oral ruling does contain findings, these findings are insufficient to determine the basis of the trial court's decision to award Mr. Paul $10,000.00 in damages and attorneys fees and to deny the Tennessee Consumer Protection Act claim. In addition, the trial court's ruling provides absolutely no resolution for Mr. Paul's conversion and misrepresentation claims. Accordingly, the judgment of the trial court was not final and this Court lacks subject matter jurisdiction to consider this appeal.

Based on the foregoing, we dismiss this appeal for lack of a final judgment. Costs are assessed to Plaintiff/Appellant Gary Paul, and his surety.

_____
J. STEVEN STAFFORD, JUDGE